UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F.P., *an infant under the age of 14 years by his mother and natural guardian, Ilaria Paino*, and ILARIA PAINO,

          Plaintiffs,

v.

KIMBERLY-CLARK CORPORATION,

          Defendant.

**MEMORANDUM & ORDER**
23-CV-05798 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiffs commenced this lawsuit in state court, asserting product liability and other common law claims on behalf of F.P., who is a minor, alleging that he developed a cyst after using wipes manufactured by Defendant.  ECF No. 1-1.  Plaintiff's mother, Ilaria Paino, has asserted a common law claim for loss of services and companionship on her own behalf.  *Id.*  Defendant removed the case to this Court, *see* ECF No. 1, and the parties have filed under seal a proposed settlement of their claims, *see* ECF No. 12.  Since that settlement would resolve claims asserted by a minor, Plaintiffs have sought the Court's approval of the settlement pursuant to the District's Local Rules.  For the reasons set forth below, the Court approves the parties' settlement.

## LEGAL STANDARD

The District's Local Rule 83.2 provides that:

> An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree.  The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.

Local Civ. Rule 83.2(a).  "The New York requirements for infant compromise proceedings are set forth in New York Judiciary Law § 474 and the New York Civil Practice Laws and Rules §§ 1205-1208, which require, among other things, an affidavit from the infant's representative stating 'the terms and proposed distribution of the settlement and the representative's approval of both.'"  *Aguilar v. Carlisle Carrier, LLC*, No. 22-cv-628, 2023 WL 5241553, at *3 (E.D.N.Y. July 11, 2023), *report and recommendation adopted in full*, No. 22-cv-628 (E.D.N.Y. July 26, 2023) (quoting N.Y. C.P.L.R. § 1208(a)(5)).[1]

"District courts have broad discretion when conducting an infant compromise hearing." *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, & Carwile, P.C.*, 596 F.3d 84, 89 (2d Cir. 2010).  This discretion includes, as the rule itself states, the discretion to dispense with procedural requirements that would otherwise prevent the approval of an infant compromise in New York state court.  *See Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 655–56 (2d Cir. 1999).  Accordingly, even if there is "some authority indicating that, as a matter of state law, failure to comply" with the CPLR "is grounds for refusing to approve a settlement," no such authority "establish[es] that a federal court applying Rule 83.2 is required to reject any settlement that is not compliant with CPLR § 1208 in every particular." *Id.* at 656.  The Court is not required to conduct a hearing about a proposed settlement if "the necessary information is available from the documents and affidavits submitted in support of the motion."  *Aguilar*, 2023 WL 5241553, at *3.

When assessing proposed infant compromises, "courts in this jurisdiction focus on whether (1) the proposed settlement is in the infant's best interests; and (2) the proposed

---

[1]  Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

attorney's fees and costs are reasonable." *Powers v. Memorial Sloan Kettering Cancer Ctr.*, No. 20-cv-2625, 2023 WL 5682525, at *1 (S.D.N.Y. Aug. 29, 2023). "There is a strong presumption that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently." *Id.* Proposed settlements also "carry a presumption that they are fair and in the infant's best interests" if they "have been negotiated by the infant's natural guardian." *Black v. Dain*, No. 16-cv-1238, 2021 WL 1146559, at *1 (E.D.N.Y. Mar. 9, 2021), *report and recommendation adopted in full*, 2021 WL 1146041 (E.D.N.Y. Mar. 25, 2021).

To determine the fairness of a proposed settlement, the Court "should compare 'the terms of the compromise with the likely rewards of litigation.'" *Black*, 2021 WL 1146559, at *2 (quoting *Neilson*, 199 F.3d at 654). "Courts must form an educated estimate of the complexity, expense, and likely duration of such litigation[,] and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *ABC v. XYZ Corp.*, No. 18-cv-11653, 2019 WL 1292503, at *2 (S.D.N.Y. Mar. 19, 2019), *report and recommendation adopted in full*, 2019 WL 1304466 (S.D.N.Y. Mar. 20, 2019). The Court's obligation to consider the parties' legal risks does not, however, oblige the Court to "decide the merits of the case or resolve unsettled legal questions" in order to approve the settlement. *Hennessy ex rel. Hennessy v. Homecoming Williamsburg, Inc.*, No. 21-cv-6352, 2023 WL 2324594, at *2 (E.D.N.Y. Mar. 2, 2023), *report and recommendation adopted in full*, 2023 WL 2563111 (E.D.N.Y. Mar. 17, 2023).

**DISCUSSION**

I. **The Court Approves the Parties' Settlement**

The parties have reached a total settlement of $10,000. ECF No. 12-1 at 5. Plaintiffs' counsel has waived any entitlement to attorneys' fees and will receive only $315.18 as reimbursement for expenses. *Id.* The remainder of the settlement will be placed in a bank account in the name of both Ms. Paino and an officer of the bank, in trust for Plaintiff F.P., from which withdrawals cannot be made until F.P. turns 18 years old. *Id.* Ms. Paino has expressly waived her claim for loss of services and companionship. *Id.* at 10.

The circumstances of this case demonstrate that the settlement is an arm's-length bargain. The parties have not provided an estimate of Plaintiffs' total potential damages, but an affidavit provided by the doctor who treated the minor Plaintiff explains that he made a relatively quick recovery once he received treatment, thereby suggesting that the total amount of damages that Plaintiffs might have recovered is not significantly larger than the settlement amount. ECF No. 12-1 at 14. Although the parties reached an agreement in principle to settle this case prior to commencing discovery in this Court and do not appear to have conducted any meaningful discovery in state court, the parties' settlement papers reflect that there are multiple class action lawsuits pending related to Defendant's same brand of wipes, which suggests that the parties were already familiar with the factual and legal issues related to Plaintiffs' claims. *See id.* at 21. Counsel for both sides appear to have significant experience litigating product liability claims. Finally, the fact that the minor Plaintiff's mother and guardian participated in the process of reaching the settlement adds to the presumptive reasonableness of the settlement.

II. **The Parties' Motion Papers May Be Kept Under Seal**

The Court concludes that good cause exists to maintain the parties' motion papers under seal, but the Court rejects Defendant's request to seal this order and to keep confidential the

parties' settlement amount. Courts must undertake a three-step process to determine whether a document may be sealed. "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023). "[F]or a court filing to be classified as a 'judicial document,' it must be relevant to the performance of the judicial function and useful in the judicial process." *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022). "Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document." *Stafford*, 78 F.4th at 70. "[T]he weight of the presumption of access is a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts." *Id.* "Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

The parties' motion papers are judicial documents because they were necessary for the Court's review of the parties' proposed settlement. The weight of the presumption of public access is relatively strong since the motion disposed of the parties' case—although not as strong as the presumption would have been if the motion dealt with the merits of the case. *See Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019) (explaining that a greater presumption of access is afforded to "dispositive motions" and trial materials and that a lesser presumption is afforded to materials filed "in connection with discovery disputes or motions *in limine*"). However, since the parties' motion papers contain extensive discussion of the minor Plaintiff's medical information, Plaintiffs' privacy interests outweigh the public's interests in having the documents unsealed. *See Rizk v. Mehirdel*, No. 14-cv-6434, 2022 WL 2906773, at * 1 (E.D.N.Y. July 22,

2022) (granting motion to seal and explaining that "courts in this Circuit routinely seal medical records to protect the plaintiff's privacy interest in those records"). Any concerns related to public access are mitigated by the fact that this order, which is being publicly filed, describes the amount and material terms of the parties' settlement, which is information that should remain available to the public. *See Joji v. Kuwait Airways Corp.*, No. 08-cv-4339, 2010 WL 1286362, at *1–2 (E.D.N.Y. Apr. 2, 2010) (holding that amount of infant compromise should not be kept under seal even though it was a consensual resolution of a dispute between private parties).

## CONCLUSION

For the reasons set forth above, the Court approves the parties' proposed settlement, which resolves the claims of a minor Plaintiff. *See* ECF No. 12. The parties' motion papers shall remain under seal, but this order is being publicly filed. The parties shall file a stipulation of voluntary dismissal that complies with Rule 41 on or before November 9, 2023.

SO ORDERED.

                                                           */s/ Hector Gonzalez*
                                                          HECTOR GONZALEZ
                                                          United States District Judge

Dated: Brooklyn, New York
        October 19, 2023